UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEFFREY R. LEBLANC, #333019,

        Plaintiff,

v.                                                                      CASE NO. 2:15-CV-12059
                                                                        HONORABLE GEORGE CARAM STEEH

ROBERT J. JONKER,

        Defendant.

_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT

### I.  Introduction

Michigan prisoner Jeffrey LeBlanc ("plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed in forma pauperis, which the Court construes as an application to proceed without prepayment of the filing fee for this action.  See 28 U.S.C. § 1915(a)(1).  His complaint appears to concern federal legal proceedings.  The plaintiff names a federal judge, in his personal capacity, as the sole defendant in this action and seeks suspension or disbarment of the judge and monetary damages.  Having reviewed the matter, the Court denies the application to proceed without prepayment of fees or costs and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

### II.  Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be

precluded from proceeding without prepayment of the filing fee in a civil action under

certain circumstances.  The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section, if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that
> it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).  In short, the "three strikes" provision requires the Court to dismiss a

civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three

or more previous occasions, a federal court has dismissed the prisoner's action because

it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  Id.;

see also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper

procedure is for the district court to dismiss the complaint without prejudice when it denies

the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

The plaintiff is a prolific litigator in federal court.  The Court's records reveal that he

has filed at least three prior civil actions which have been dismissed as frivolous and/or for

failure to state a claim upon which relief may be granted.  See LeBlanc v. Kalamazoo Co.

Sheriff, No. 1:14-CV-305 (W.D. Mich. July 29, 2014); LeBlanc v. State of Michigan, No.

1:14-CV-552 (W.D. Mich. June 19, 2014); LeBlanc v. Kalamazoo Co. Government, No.

1:14-CV-308 (W.D. Mich. May 21, 2014); LeBlanc v. State of Michigan, No. 1:14-CV-237

(W.D. Mich. March 26, 2014).  Additionally, the plaintiff has previously been denied leave

to proceed in forma pauperis for having three strikes.  See LeBlanc v. Federal Government,

No. 5:15-CV-10706 (E.D. Mich. March 19, 2015); LeBlanc v. Romanowski, No. 2:15-CV-

10483 (E.D. Mich. March 2, 2015).

Consequently, the plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed.  See Rittner v. Kinder, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).  An assertion of past danger is insufficient to invoke the exception.  Id.  The plaintiff does not allege any facts which indicate that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule.  Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

III.    Conclusion

Based upon the foregoing discussion, the Court concludes that the plaintiff has filed at least three previous lawsuits which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g).  Accordingly, the Court **DENIES** the plaintiff's application to proceed without prepayment of fees or costs and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to the filing of a new complaint with payment of the full filing fee.

Lastly, the Court concludes that it has properly applied the "three strikes" provision

of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot

be taken in good faith.  28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated:  June 11, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 11, 2015, by electronic and/or ordinary mail and also on
Jeffrey LeBlanc #333019, Macomb Correctional Facility,
34625 26 Mile Road, New Haven, MI 48048.

s/Barbara Radke
Deputy Clerk

---